IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Jeanne Natale,**
    **Plaintiff**

**v.**                                                                **Cause no: 1:19-cv-00466**

**United States of America,**

**and**

**Western Refining Southwest, Inc.
Dba/Giant, and**

**John Does 1-5,**
    **Defendants**

## FEDERAL TORT CLAIM (COMPLAINT) FOR MONEY DAMAGES BASED ON NEGLIGENCE OF ALL DEFENDANTS

COMES NOW Plaintiff, Jeanne Natale, by and through undersigned Counsel, and for her complaint states as follows:

### PARTIES

1) Plaintiff Jeanne Natale is an adult over age 18 who resides in Sandoval County, state of New Mexico.

2) United States of America (hereafter USA or Post Office) is a Defendant under the Federal Tort Claims Act. Negligent wrongs or omissions described herein were, in whole or in part, committed by employees of the United States Postal Service, working in service to the United States Post office, within the scope of their employment. The US Post Office is an independent agency of the United States

federal government, such that the USA is the real party in interest in this complaint.

3) Co-Defendant Western Refining Southwest, Inc., DBA Giant (hereafter Giant), is an Arizona corporation that operates a number of convenience stores and gas stations, including the Giant station/convenience store located at 2020 Autumn Sage Ave. NE, City of Rio Rancho, Sandoval County, State of New Mexico where the incident occurred. Through its employees, Giant committed negligent wrongs or omissions described herein, which are substantially related to claims made against the USA.

4) John Does 1-5, whose identities are unknown as of this filing, contributed to the negligence of Giant and Post Office employees, all of whom, in whole or in part, caused the Incident described herein.

## JURISDICTION

5) This claim accuses all defendants of negligence and sounds in tort based on the law of the State of New Mexico.

6) This Court has jurisdiction over claims enumerated in the Federal Tort Claims Act, described herein and sounding in tort, where the USA is a defendant, and its employees were acting on the USA's behalf when the claim arose.

7) This court has ancillary jurisdiction over Co-Defendant Western Refining Southwest, Inc., DBA Giant and John Does 1-5, as their negligence is substantially related to the negligent acts of the USA, over which this court has primary jurisdiction.

## VENUE

8) The incident described herein occurred at the Giant retail outlet at 2020 Autumn Sage Ave. NE, City of Rio Rancho, in Sandoval County, New Mexico (Location), such that venue is appropriate in this court.

## FACTS

9) On July 3, 2017 (Incident Date), Location is/was a retail gas station and convenience store under the Giant brand, owned or controlled by Western Refining Southwest, Inc. Dba Giant.

10) USA operated a post office inside the Location, such that Location visitors and Giant customers could purchase stamps or post letters/packages at the Location.

11) On the Incident date, a USA Postal employee exited the Location through the front entrance, towing a hand cart loaded with mail to a mail truck parked just outside.

12) The cart rolled over and disrupted the mat, which was placed just inside the Location entrance doors. The cart caused the mat to wrinkle and buckle up.

13) The postal employee made no effort to straighten out the disrupted mat.

14) In its buckled up state, the mat was a trip hazard to Plaintiff and any visitor entering or leaving the store.

15) The mat was not secured properly to the floor, with Velcro or an adequate high-friction stick surface on the back, such that anyone could have disrupted it by walking or running a delivery cart over it.

16) The mat was within a few feet of the cash register, in plain view of Giant employees running the store.

17) The mat was in plain view of the USA employees in the Post Office.

18) Despite being aware or constructively aware of the trip hazard created by the disrupted mat, no Giant or USA employee made any attempt to correct the condition.

19) On the incident date, while the mat was in its dangerous condition, Ms. Natale entered the convenience store and tripped on the mat. Her left foot caught the buckled up portion of the mat, causing her to lose her balance and fall to the floor.

20) Ms. Natale had no knowledge of the dangerous condition created by the mat prior to the Incident, and had no way of determining it before she fell.

## DUTIES OWED TO PLAINTIFF BY ALL DEFENDANTS

21) Defendants owed a duty to Plaintiff to take reasonable or ordinary care to keep the Location safe for Plaintiff's use.  Reasonable care in this case includes the following duties:

22) Defendants had a duty to inspect the mat, which would have given them notice that it needed to be replaced. Defendants knew or should have known of the mat's hazardous condition prior to the incident, and failed to use reasonable care to correct it, replace it, or warn of the condition.

23) Defendants had a duty to anchor the mat such that it would be able to withstand the heavy foot and cart traffic it was subjected to by defendant's customers and employees.

24) Defendants also had a duty to choose a mat with high-friction backing to minimize risk of mat disruption in the face of high foot and cart traffic.

25) Once the USA employee disrupted the mat, employees of both defendants had a duty of ordinary care to straighten it out, which would have taken seconds and corrected the dangerous condition.

## BREACHES / RESPONDEAT SUPERIOR

26) Defendants, through their employees who were working within the course and scope of their employment, are liable for all breaches of duty expressed herein, under a theory of *respondeat superior.*

27) Defendants, through their employees, failed in whole or in part to
    a) Discover the mat's condition prior to the incident
    b) Warn Plaintiff of the mat's condition prior to the incident
    c) Correct the mat's condition prior to the incident, or
    d) Replace the mat with a safer unit prior to the incident.

28) Any act described above in Averment 27 would have been reasonable for defendants to execute, prior to the incident date.

29) Defendants' collective failure to comply with their duties of reasonable care created a dangerous condition for Ms. Natale at the Location on the Incident date, resulting in her fall.

## CAUSATION AND DAMAGES

30) As the proximate result of the breaches of duty described herein, Jeanne Natale sustained injury, pain and suffering, medical expenses and other compensable damages under New Mexico state law or the Federal Tort Claims Act, including pre- and post- judgment interest and attorney's fees and costs.

WHEREFORE Plaintiff Jeanne Natale prays for damages from Defendants, including medical expenses, out-of-pocket expenses, pain and suffering, loss of enjoyment of life, attorney's fees, pre- and post-judgment interest, all costs and fees and any other relief deemed by this court to be just and proper.

Respectfully Submitted,

<u>/s/ Charles W. Bennett</u>
Charles Bennett Esq.
Attorney for Plaintiff
10400 Academy Rd NE #360
Albuquerque, NM 87111
505-300-4810 ph.
505-300-4812 fax
charlesbennett.esq@outlook.com